# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Derika Benton, | ) |
| | ) |
| | ) Case No. 2022 C 02828 |
| Plaintiff, | ) |
| | ) Judge: Thomas M. Durkin |
| Officer 4248 Unit 714 of the Chicago | ) |
| Police Department, Chicago Police | ) Magistrate Judge: Maria Valdez |
| Department, All Officers of CPD | ) |
| attached to ticket TU-122-200 | ) |
| (201, 202), | ) |
| | ) |
| | ) |
| Defendants. | ) |

## JOINT INITIAL STATUS REPORT

Plaintiff Derika Benton, *pro se*, and Defendant City of Chicago ("Defendant City")[1], by and through one of its attorneys, Mitchell R. Paglia, Assistant Corporation Counsel, pursuant to this Honorable Court's order at Electronic Court Filing Docket Number 16 instructing the parties to file a joint status report, state as follows;

**(1) The Nature of the Case**

    **a. Identify the attorneys of record for each party, including the lead trial attorneys.**

    Plaintiff:

        Derika Benton, *pro se*.

    Defendant City of Chicago:

        Mitchell R. Paglia, Assistant Corporation Counsel and Lead Trial Attorney

        Raoul Vertick Mowatt, Assistant Corporation Counsel Supervisor

---

[1] The "Chicago Police Department" is not a suable entity, and is instead, only a part of the City. *Gray v. City of Chicago*, 159 F.Supp.2d 1086, 1089 (N.D. Ill.2001). Accordingly, the undersigned are answering as the City of Chicago.

b. **State the basis for federal jurisdiction.**

This Court has jurisdiction over the Plaintiff's claims through 28 U.S.C. §1331, Federal Question Jurisdiction and 28 U.S.C. §1367(a), Supplemental Jurisdiction.

c. **Describe the nature of the claims asserted in the complaint and any counterclaims, including relief sought.**

Plaintiff makes federal claims of false arrest and unreasonable search and seizure stemming from a May 31, 2020 incident and a state claim alleging violation of the State of Illinois' Freedom of Information Act stemming from Defendant City's response to a FOIA request. Plaintiff seeks monetary damages. There are no counterclaims. Defendant City denies any wrongdoing.

**(2) Pending Motions and Case Plan**

a. **Identify any pending motions.**

There are no pending motions before this Court.

b. **Submit a proposal for a discovery plan, including the following information:**

  i. **The general type of discovery needed;**

  The parties anticipate need of standard discovery, including, but not limited to interrogatories, requests for production, depositions and/or requests to admit. Plaintiff intends to issue interrogatories for the names of the four officers related to Plaintiff's allegations. Plaintiff also intends to make requests for production for the Body Worn Camera of the four involved officers as well as communications by the four officers from both before and after the alleged incidents took place involving Plaintiff.

ii. **A date to issue written discovery;**

The parties propose that initial disclosures be made by December 16, 2022, and initial discovery requests be made by January 16, 2023.

iii. **If there will be expert discovery relevant to dispositive liability motions, an expert discovery completion date, including dates for the delivery of expert reports;**

The parties do not believe that there will be expert discovery relevant to dispositive liability motions.

iv. **A liability discovery completion date;**

Plaintiff proposes a liability discovery completion date of March 24, 2023

Defendant proposes a liability discovery completion date of July 17, 2023.

v. **A deadline to amend pleadings;**

The parties propose a deadline of January 30, 2023 to amend pleadings.

vi. **Scheduling of expert discovery relevant to damages should be deferred until it becomes necessary for a hearing or trial. The parties may suggest that expert discovery relevant to damages be scheduled sooner if they believe it is necessary. Generally, the time and expense of expert damage discovery should not be taken until any dispositive motions have been decided, to the parties agree that no such motions will be filed.**

The parties do not anticipate a need for expert discovery in this lawsuit.

c. **E-Discovery**

i. **Indicate whether discovery will encompass electronically stored information, and the parties' plan to ensure that such discovery proceeds appropriately; and**

The parties believe that discovery will encompass some electronically stored information and the parties will supply such documents to each other in an expeditious and secure manner.

> ii. **Indicate whether the parties anticipate any electronic discovery disputes.**
>
> The parties do not anticipate any electronic discovery disputes.
>
> d. **Indicate whether a jury trial is requested and the probable length of trial.**
>
> A jury trial is requested, and the probable length of trial is two to three days.

**(3) Consent to Proceed Before a Magistrate Judge**

a. **Indicate whether the parties consent unanimously to proceed before a Magistrate Judge for all matters in the case, including dispositive motions and trial.**

Plaintiff consents to proceed before a Magistrate Judge.

The Defendant does not consent to proceed before a Magistrate Judge.

**(4) Status of Settlement Discussions**
a. **Indicate whether any settlement discussions have occurred, and if so, the status of those discussion. Unless it is impossible due to the uncertainty of damages, plaintiffs should have made a demand by the first status conference.**

No settlement discussions have taken place.

b. **Whether the parties request a settlement conference before the Magistrate Judge assigned to the case.**

Plaintiff requests a settlement conference before the assigned Magistrate Judge.

Defendant does not request a settlement conference before the assigned Magistrate Judge.

    Respectfully submitted,

    */s/ Derika Benton*
    DERIKA BENTON

3221 North Olcott Avenue
Chicago, Illinois 60634
(773)808-8071
*Pro se*

    */s/ Mitchell Reid Paglia*
    MITCHELL REID PAGLIA
    Assistant Corporation Counsel

Attorney No. 6321248

Raoul Vertick Mowatt, Assistant Corporation Counsel Supervisor
City of Chicago, Department of Law
2 North LaSalle Street, Suite 420
Chicago, Illinois 60602
(312)744-2026 (Phone)(Paglia)
(312)744-6566 (Fax)
Mitchell.paglia@cityofchicago.org
***Attorneys for the City of Chicago***